FILED
U.S. DISTRICT COURT

2006 NOV 29 P 1:38

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WILLIAM P. CAMP, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>McINTOSH COUNTY BOARD OF COMMISSIONERS, GEORGE DEVERGER; CHARLES JORDAN; BOYD GAULT; WILBERT PROUDFOOT; DAVID STEVENS, in their official capacity; CHARLES JONES, individually and in his official capacity as Sheriff; FRANKLIN HUNTER, individually and in official capacity as Chief Deputy Sheriff; DORIS HEIGHT, individually and in her official capacity as Administrator and Captain sheriff; FNU COLLINS, individually and in her official capacity as Supervisor Detention Sheriff; ELIJAH ROBERTS, individually and in his official capacity as Nurse at McIntosh County Jail; McCALL AND ASSOCIATES, INC., RUSTY McCALL, Individually and in his capacity as President of McCall & Associates, Inc.; DAVID BAKER, individually; UNKNOWN UNITED STATES MARSHALS, individually and in their official capacities; FREDDIE JACKSON; STEPHEN D. JESUP; DAVID EARL LANE; McINTOSH COUNTY JAIL, and McINTOSH COUNTY,<br><br>    Defendants. | CIVIL ACTION NO.: CV206-260 |

AO 72A
(Rev. 8/82)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Federal Correctional Institution in Oakdale, Louisiana, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at the McIntosh County Jail in Darien, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove

2

no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was assaulted by David Baker, a fellow detainee, while he was housed in the McIntosh County Jail. Plaintiff also asserts that the jail was not designed and built in a safe manner; Plaintiff names as Defendants Rusty McCall, the builder, and McCall and Associates, his company.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). Plaintiff fails to show that Defendants Baker, McCall, and McCall and Associates were state actors at the time of the alleged assault. Plaintiff's claims against Defendants Baker, McCall, and McCall and Associates should be dismissed.

Plaintiff names as Defendants: George Deverger, Charles Jordan, Boyd Gault, Wilbert Proudfoot, David Stevens, Freddie Jackson, Stephen Jesup, and David Earl Lane, who are or were county commissioners. However, Plaintiff makes no factual allegations in his complaint against any of these individuals. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Deverger, Jordan, Gault, Proudfoot, Stevens, Jackson, Jesup, and Lane his claims against

3

Defendants Deverger, Jordan, Gault, Proudfoot, Stevens, Jackson, Jesup, and Lane should be dismissed.

Plaintiff contends that unknown United States Marshals Service employees were deliberately indifferent to his health and safety because they contracted with the McIntosh County Jail to house federal pre-trial detainees. It appears that Plaintiff wishes to hold the United States Marshals Service liable in this cause of action, as the agency is the entity which contracts with state prisons to house federal pre-trial detainees. However, to the extent the United States Marshals Service is the employer of any person Plaintiff wishes to name individually, Plaintiff's claims against the United States Marshals Service cannot be sustained. See FDIC v. Meyer, 510 U.S. 471, 485-86, 114 S. Ct. 996, 1005-06, 127 L. Ed. 2d 308 (1994).

Plaintiff names the McIntosh County Jail as a Defendant in his Amended Complaint. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), jails, as mere arms of such governments, are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the McIntosh County Jail, as it is merely the vehicle through which the county governs and is not a proper party defendant.

Plaintiff alleges that he has suffered damages as a result of the torts of assault and battery, nuisance, and intentional infliction of emotional distress. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695,

61 L. Ed. 2d 433 (1979). Accordingly, Plaintiff's state law tort claims cannot be sustained in the instant cause of action.

In addition, Plaintiff asserts in his amended Complaint that McIntosh County acted negligently, which caused him to suffer injuries. Plaintiff's claims against McIntosh County cannot be sustained, as he does not allege that the County violated his constitutional rights.

Finally, Plaintiff has named Defendants in their official capacities. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). To the extent Roberts, Collins, Jones, Hunter, and Height are named as Defendants in their official capacities, Plaintiff's claims against these Defendants in their official capacities should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Baker, McCall, McCall and Associates, Deverger, Jordan, Gault, Proudfoot, Stevens, Jackson, Jesup, Lane, McIntosh County, and Unknown United States Marshals be **DISMISSED** for failure to state a claim upon which relief may be granted. It is also my **RECOMMENDATION** that Plaintiff's state tort law claims be **DISMISSED**, without prejudice. It is my further **RECOMMENDATION** that Plaintiff's monetary claims against

5

AO 72A
(Rev. 8/82)

Defendants Collins, Roberts, Jones, Hunter, and Height in their official capacities be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)